IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN RE:<br><br>ATP OIL & GAS CORPORATION,<br><br>DEBTOR | CHAPTER 11<br><br>CASE NO. 12-36187<br><br>JUDGE MARVIN ISGUR |
| REC MARINE LOGISTICS, LLC<br><br>Plaintiff,<br><br>v.<br><br>ATP OIL & GAS CORPORATION,<br><br>Defendant | Adversary No. 13-_____ |

### COMPLAINT FOR ENFORCEMENT OF LIENS

**NOW INTO COURT**, through undersigned counsel, comes REC Marine Logistics, LLC (hereinafter "REC Marine"), a creditor and party in interest, who files this Complaint for Enforcement of Liens against ATP Oil & Gas Corporation (the "Debtor") as follows:

### I. PARTIES

1. Plaintiff, REC Marine Logistics, LLC, is a Louisiana limited liability company with its principal place of business located in Louisiana.

2. Defendant is the Debtor, and a debtor-in-possession, in the above-captioned matter (the "Bankruptcy Case") by virtue of having filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code on August 17, 2012 (the "Petition Date"). The Debtor may be served with process by mailing a copy of the

summons and this Complaint to the Debtor at the address shown in the petition: 4600 Post Oak Place, Suite 100, Houston, Texas 77027, Attn: Albert L. Reese, Jr. Pursuant to Federal Rule of Bankruptcy Procedure 7004(g), service will also be made on the following counsel of record for the Debtor: Mayer Brown LLP, c/o Charles S. Kelly, 700 Louisiana Street, Suite 3400, Houston, Texas 77002.

## II. JURISDICTION AND VENUE

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 because this is a proceeding arising in, arising under or related to the Debtor's chapter 11 bankruptcy filings.

4. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

5. Venue is proper in this district pursuant to 28 U.S.C. § 1409(a) because the chapter 11 case to which this proceeding relates is pending in this district.

## III. FACTUAL BACKGROUND

6. Prior to the Petition Date, REC Marine provided labor, materials, and/or supplies, including without limitation the transportation of persons, equipment and/or materials/supplies (hereinafter "Services") to the Debtor at the request of the Debtor, for and in connection with the operations (as that term is defined in La. Rev. Stat. § 9:4861) of the following oil and/or gas wells and/or leases by the Debtor, as operator:

**Ship Shoal**

    **Lease:**    OCS-G 26078
    **Field:**    Ship Shoal Block 351
    **Parish:**    Offshore Louisiana (Terrebonne Parish)

    **Lease:**    OCS-G 19622 and/or OCS-G 12009
    **Field:**    Ship Shoal Block 358
    **Parish:**    Offshore Louisiana (Terrebonne Parish)

**South Timbalier**

**Lease:**   OCS-G 04460
**Field:**   South Timbalier Block 76
**Parish:**  Offshore Louisiana (Terrebonne Parish)

**Mississippi Canyon**

**Lease:**   OCS-G 14016
**Field:**   Mississippi Canyon Block 711
**Parish:**  Offshore Louisiana (Plaquemines/Lafourche Parish)

7.      The performance of these Services by REC Marine for ATP related to operations by ATP on the above described wells and leases is undisputed.

8.      As a result of the Services, ATP is indebted to REC Marine in the true and correct sum of Forty Eight Thousand One Hundred Sixty-Six and 68/100 ($48,166.68) Dollars.

9.      On October 11, 2012 REC Marine timely and properly filed and recorded Statements of Privilege and Notice of Claim of Lien (the "Liens") in Terrebonne Parish, LaFourche Parish, and Plaquemines Parish, Louisiana, in accordance with the Louisiana Oil Well Lien Act, La. Rev. Stat. § 9:4861, *et seq.* The Liens pertaining to the Debtors interests in the oil and/or gas wells and/or leases located at Ship Shoal Block 351, Ship Shoal Block 358 and South Timbalier Block 76 were filed in Terrebonne Parish. The Liens pertaining to the Debtors interests in the oil and/or gas wells and/or leases located at Mississippi Canyon Block 711 were filed in both LaFourche Parish and Plaquemines Parish. Attached hereto *in globo* and incorporated herein for all purposes as Exhibit "A" are copies of the Liens, with copies of the invoices, work orders and/or statements more fully showing and describing the Services, which were filed in Terrebonne Parish, LaFourche Parish and Plaquemines Parish, Louisiana.

10.     Notice of the Liens were duly provided to the Debtor as required by Louisiana law, as evidenced by the certified letter attached hereto and incorporated herein for all purposes as Exhibit "B".

11.     Additionally, notice of REC Marine's lien claim was provided in accordance with Section 546 of the Bankruptcy Code, when REC Marine filed a Notice of Perfection on or about October 18, 2012 in the Debtor's Chapter 11 Proceeding (Rec. Doc. No. 660).

12.     As a consequence of filing the foregoing Statements of Privilege and Notice of Claim of Lien, and 546 Notice REC Marine is a valid lien holder and, as such, is entitled to a judgment against the Debtor recognizing its Liens and recognizing its privileges to be valid and enforceable and otherwise recognizing and enforcing REC Marine's privileges against the wells and/or leases described above and in Exhibit A, all as provided by Louisiana law.

13.     Additionally, REC Marine will be filing a notice of lis pendens in the appropriate Louisiana parishes to put third parties on notice of REC Marine's Lien, all in accordance with the Louisiana Oil Well Lien Act, particularly, La. R.S. 9:4865(C).

### IV.  COUNT 1 – PROCEEDING TO DETERMINE VALIDITY, PRIORTY OR EXTENT OF LIENS

14.     Fed. R. Bankr. P. 7001(2) provides that an adversary proceeding includes "a proceeding to determine the validity, priority, or extent of a lien or other interest in property."

15.     REC Marine provided the Services to the Debtor as described herein and in Exhibit "A" to this Complaint.  REC Marine properly and timely filed the Statements of Privilege and Notice of Claim of Lien referenced herein and described in Exhibit "A"

4

attached hereto and made a part hereof for all purposes. Accordingly, REC Marine seeks a judgment recognizing its liens as being valid and enforceable liens and privileges against the wells and/or related leases described above and in Exhibit "A", all as provided by the Louisiana Oil Well Lien Act; and that the liens secure full payment of the amounts due to REC Marine by the Debtor.

**WHEREFORE**, REC Marine Logistics, LLC prays for judgment in its favor against ATP Oil & Gas Corporation as follows:

(a) Recognizing REC Marine's privileges to be valid and enforceable and otherwise recognizing and enforcing REC Marine's privileges against the wells and related leases described above and in Exhibit "A," all as provided by the Louisiana Oil Well Lien Act, to secure full payment of the amounts owed it by Debtor.

(b) Ordering that Debtor pay all costs of these proceedings;

(c) Ordering the Debtor to pay attorneys' fees; and

(d) Granting any other relief to which REC Marine may be entitled.

Respectfully submitted,

  /s/ Salvador J. Pusateri
SALVADOR J. PUSATERI
(TX #24072867; LA #21036)
KYLE A. KHOURY (LA Bar #33216)
 *Appearing Pro Hac Vice*
JOHNSON , JOHNSON, BARRIOS & YACOUBIAN
701 Poydras Street, Suite 4700
New Orleans, LA  70139-7701
Telephone:  (504) 528-3001
Facsimile:  (504) 528-3030
**Attorneys for REC Marine Logistics, LLC**

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 23rd day of August, 2013, a true and correct copy of the above and foregoing was filed electronically with the Clerk of Court using the CM/ECF system and served upon all parties registered or otherwise entitled to receive electronic notices in this case pursuant to the Electronic Filing Procedures in this District.

　　　　　/s    Salvador J. Pusateri